## PAYANT v. CORPUS CHRISTI PLAZA HOTEL CO.
### No. 4043.

Court of Civil Appeals of Texas. El Paso.
Feb. 27, 1941.

Rehearing Denied March 27, 1941.

Tuohy & Crager, of Fort Worth, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

SUTTON, Justice.

This is an appeal from the 28th District Court of Nueces County. The parties will here be designated as in the trial court.

The plaintiff, Edessa Payant, brought suit against the defendant, Corpus Christi Plaza Hotel Company, to recover damages in the total sum of $10,589.50, for personal injuries alleged to have been sustained by her and hospital, doctor and medical bills. The trial was to a jury, and at the conclusion of the plaintiff's testimony both parties closed, and, the court instructed a verdict and rendered judgment for the defendant. From that judgment the plaintiff has perfected this appeal.

The plaintiff alleged that she was a trained nurse, and that the nurses of Texas held, at the Plaza Hotel in Corpus Christi, on or about April 20, 1939, their annual convention, and that she was a guest at the Plaza Hotel on such occasion. She further alleged the defendant owned and operated the Plaza Hotel in Corpus Christi, and as such owner and operator was in charge of the building and operation of the passenger elevators therein. She further alleged that as a part of the entertainment offered by the public and the defendant hotel company, on the evening of April 20, 1939, the nurses were entertained with a banquet in a room situated on top of defendant's hotel, called "The Deck"; that following the banquet she and a large number of other people boarded one of the defendant's passenger elevators for the purpose of descending from The Deck; that the elevator became stalled or stuck between

the floors of the hotel, and that the elevator operator, alleged to be an agent and employee of defendant company, opened the elevator door and placed a quarter or half round table against the opening and invited and instructed the passengers to unload from the elevator by the use of this table. She alleged the passengers in the elevator were required to virtually sit down on the floor of the elevator and slide to the top of the table and then jump to the floor, and in doing so that she fell and sustained serious injuries to her right leg and knee. She alleged the company owed her and the other guests at its hotel a very high degree of care to provide her with good and safe elevators and elevator service; that the defendant's furnishing of the elevator that stalled and stuck for reasons unknown to her, the opening of the elevator door, the placing of the table in front of the door, instructing her and other passengers to alight therefrom, and requiring her and others to jump from the table provided by the defendant, all constituted separate acts of negligence.

The defendant answered with a general demurrer, a general denial, and a special answer to the effect that it was not guilty of any negligence or responsible for the injuries sustained by the plaintiff, and "said injuries were proximately caused by various acts of negligence committed by the plaintiff, and which said contributory negligence upon the part of the plaintiff is now specially pleaded by this defendant against the right of the plaintiff herein to recover."

Plaintiff in her brief has two assignments of error, which are: (1) The court erred in instructing the jury to return a verdict for defendant; (2) the court erred in rendering judgment against plaintiff upon such instructed verdict.

Under these assignments are asserted a number of propositions.

■■ The defendant in its brief answers the plaintiff's assignments and propositions with four counter propositions. The first of these, to the effect there is no evidence to show that the defendant had anything to do with the ownership and operation of the Plaza Hotel and its elevators, has given us considerable concern. There is no direct proof in the record of the ownership and operation of the hotel by the defendant. Direct proof is not necessary, but such facts may be proved, as any other fact, by circumstantial evidence. When the lack of ownership and opera-

tion is not specifically asserted as a defense, and a general denial only is interposed, under the circumstances in this case very slight evidence and proof has been held to be sufficient to establish such facts. El Paso Electric Ry. Co. v. Terrazas, Tex. Civ.App., 208 S.W. 387; Dallas Ry. Co. v. Warlick et al., Tex.Civ.App., 268 S.W. 512 (O'Keefe v. United Rys. Co., 124 Mo. App. 613, 101 S.W. 1144, cited and quoted from). The ownership and operation of the hotel are facts peculiarly within the knowledge of the defendant. The Corpus Christi Plaza Hotel Company was sued and served as the defendant in this case; its attorneys answered for it as such and represented it throughout the trial. The third paragraph of its answer reads as follows: "Further answering said petition of plaintiff herein, if further answer be required, this defendant specially denies that it, or any of its agents, servants or employees were guilty of any act of negligence whatsoever proximately causing the accident described in plaintiff's petition, or any of the injuries claimed to have been received by the plaintiff, and it further respectfully shows unto the court that if it be true that the plaintiff was injured in the manner described in her petition in this cause that still and nevertheless said accident and her said injuries were proximately caused by various acts of negligence committed by the plaintiff, and which said contributory negligence upon the part of the plaintiff is now specially plead by this defendant against the right of the plaintiff herein to recover."

■■ We think defendant's answer may be taken as an admission that it is such a corporation and company. It pleads an absence of negligence on its part, and that if it be true the plaintiff was injured in the manner described, the same was caused by various acts of negligence on her part, and specially pleaded such by and on behalf of the defendant against her right to recover. It is undisputed that the name of the defendant is the Corpus Christi Plaza Hotel Company. The proof shows there is a Plaza Hotel in Corpus Christi operated by a company; that plaintiff was injured while a guest and being transported in an elevator at the Plaza Hotel; that the only agent or employee about the elevator when the accident occurred was the elevator boy standing there holding the door back. There is nothing in the record that suggests there was more than one Plaza Hotel

in Corpus Christi. We think the evidence sufficient to require the submission of the issue to the jury. The rule applicable to such cases is admirably stated in the cases cited above, and we need not repeat it here. It comports with common sense and justice. It is the purpose of the law to provide a remedy for every legal wrong, and the desire of the courts to see justice done and litigants given their day in court. It is too often the regret of the courts that they are powerless to protect against the oversight and omissions of litigants and their counsel. When it may be done without doing violence to established rules of law, then a sense of justice and duty compels it.

The defendant, in subsequent counter propositions, takes the position the evidence is insufficient to require the submission of any issue or issues of negligence to the jury, and establishes conclusively that the plaintiff is guilty of contributory negligence. To this we cannot agree. We do agree, however, the stalling and sticking of the elevator, standing alone, is insufficient to require the submission of an issue of negligence on that account. Under the facts in this record we have reached the conclusion the other acts of negligence alleged call for a submission to the jury, and that the court was in error in not doing so. Since there must be another trial of this case, we refrain from a further discussion of those issues.

For the errors pointed out, the case is reversed and remanded for another trial.