DUFFY, Appellant, v. CLEVELAND COIN MACHINE EXCHANGE, INC., Appellee.
DUFFY, Appellee, v. CLEVELAND COIN MACHINE EXCHANGE. INC., Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23783, 23784. Decided December 6, 1956.

Gorham, Arthur & Schofield, for appellant in Case No. 23783 and for appellee in Case No. 23784.

Jack A. Feingold, for appellee in Case No. 23783 and for appellant in Case No. 23784.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

Two appeals on questions of law are joined and considered herein.

John J. Duffy, herein called "Duffy," brought suit against Cleveland Coin Machine Exchange, Inc., herein called "Company," to recover for the loss of an automobile which Duffy claimed he left on the parking lot of the Company, and which Duffy says was stolen from that lot. At the conclusion of the action in the trial court, each party filed a notice of appeal from the judgment rendered in behalf of Duffy. These two appeals were then consolidated and presented as one case to this court.

The Company operated, in conjunction with their business, a public parking lot where, for a charge of thirty-five cents, persons, other than customers of the Company, could park their automobiles. An attendant was on duty at this parking lot from about 7:30 o'clock, a. m., to 5:00 o'clock, p. m.

Duffy for some years parked a motor vehicle in this lot. The Company purchased the lot about a year before the happening of the events herein, and Duffy continued to avail himself of the parking facility.

Both Duffy and the Company parking attendant testified that Duffy frequently would park when the attendant was temporarily absent and on those occasions he would pay the parking fee at a later time. Duffy was instructed, and both parties testified, that, at the request of the Company parking attendant, Duffy always left the ignition keys in the motor vehicle so that it could be moved when necessary. If the Duffy automobile, or any other motor vehicle, was on the lot when the attendant left for the day, such automobile was locked and all windows were closed.

The attendant on this lot always recognized the Duffy Buick convertible coupe, and of course knew Mr. Duffy.

Duffy said he brought the car to the parking lot on the morning of November 30, 1954, and, since the attendant was not there, he parked the car and left the keys in the ignition lock. He did not pay the parking fee. Mr. Duffy did not return to the parking lot until about one o'clock the next morning. The automobile was not there, but the badly wrecked vehicle was later recovered by the police.

The parking lot attendant testified that the Duffy automobile was not parked in the lot on that day (November 30): however, an employee of the Company testified that he saw a Buick convertible coupe on the parking lot at 10 o'clock or 10:30 o'clock on the night before he heard that such a car was stolen from the lot.

At the trial of this case to the court, the only testimony as to the value of the motor vehicle as of November 30, 1954, was presented by Duffy, who said in his direct testimony that it was worth $2,450. At another time he said it was worth $2,200. It was agreed by the parties that, at the time the automobile was recovered, it was badly damaged and that it was then worth only $435. The trial court rendered a judgment in favor of Duffy for $882.50 and costs. It is from this judgment that each party filed a notice of appeal.

Duffy sets out only one assignment of error, which is that "the amount of the judgment is against the weight of the evidence." The Company says that: "the judgment is not sustained by sufficient evidence, is against the weight of the evidence, and is contrary to law"; "the trial court erred in overruling defendant's motion for judgment after plaintiff had rested his case"; there was error in admission of evidence, and other errors appearing in the record of the case.

The first question that must be considered concerns the application of §4505.04 R. C., which, in its pertinent part, reads as follows:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with §§4505.01 to 4505.19, inclusive, R. C.

"(B) By admission in the pleadings or stipulation of the parties."

We do not find in the bill of exceptions any stipulation of title. The petition says Duffy parked "his 1953 Buick convertible coupe" in the parking lot of the Company. The amended answer frequently refers to this automobile as "his automobile," meaning the Duffy motor vehicle. There is also a general denial of all allegations of the petition not specifically admitted.

During the trial, both parties referred to the automobile as being the property of Duffy.

Is there an admission as to title in the pleadings?

The word "admission" is defined by Webster's New International Dictionary, Second Edition, as: "1. Act or practice of admitting * * *."

"3. The granting of an argument or position not fully proved; act of acknowledging something asserted; acquiescence or concurrence in the truth of an allegation; acknowledgment; concession * * *." "4. A fact, point, or statement admitted * * *."

We do not believe that §2309.27 R. C., has any bearing on the problem before us, but it is worthy of note that this statute says that, with certain exceptions, every averment in a pleading not controverted is to be taken as true.

Is it necessary, in order to have an admission within the terms of §4505.04 (B), R. C., that such admission specifically designate an acknowledgment of the fact of ownership, such as a categorical assertion of the fact, or may the admission be made in general terms, such as we find in this pleading?

We know it to be elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact. 3 Jones Commentaries on Evidence (Second Ed.), Sec. 993. This author also says, at page 1824, concerning statements in a pleading, that, "to be admissible as admissions, it is not necessary that such facts should be specifically averred." Malick v. Kellogg, 118 Wis. 405, 95 N. W. 372; Payant v. Corpus Christi Plaza Hotel Co. (Texas), 149 S. W. 2d 665, at p. 666. See also, IV Wigmore on Evidence (Third Ed.), Sec. 1064.

We therefore determine that the allegations contained in the amended answer of the Company, wherein that amended answer referred in many instances to "his automobile," referring to the motor vehicle which Duffy, in the petition, alleged was his and which automobile he claimed he parked on the Company parking lot, amounted to and constituted an admission of title within the terms of §4505.04 (B), R. C.

In consideration of the liability of a parking lot operator for the loss of a motor vehicle placed on such lot in the care of the operator by an owner of an automobile, the law in Ohio is set out in the case of **Agricultural Insurance Co. v. Constantine, etc., 144 Oh St 275.** See also, 131 A. L. R. 1175, at p. 1184. The facts in the instant case established the relationship of bailor and bailee.

There was no assumption of risk or contributory negligence shown in this case. The parking lot attendant said that, on the days when Duffy left his car, he (the attendant) would lock it, but he did not do so on the day of the alleged theft because, as he stated, it was not left on his lot that day. The trial court, as the trier of the facts, determined that Duffy did leave his car on the parking lot, and that it was stolen because of the negligence of the operator, who, on many other occasions, took complete charge of this automobile when Duffy did not get it before the attendant left the lot.

On the subject of damages, we find, as we stated above, that Duffy was the only person to testify as to the value of the automobile on the day it was stolen. Duffy gave two values, one of $2,450, and the other, $2,200, which was qualified by a statement that he thought his car was in better shape and had more accessories than those being sold for $2,200.

There is no testimony which would justify the trial court in entering a judgment for $882.50. Duffy produced the only conflict in value, since he alone testified on that subject.

We determine that the judgment herein is manifestly against the weight of the evidence, and hence the cause will be reversed and remanded to the trial court for further proceedings.

We have examined all of the claimed errors, and find none prejudicial except such as are hereinabove set out.

Judgment reversed and cause remanded.

STEVENS, PJ, DOYLE, J, concur.