RHODEN, Appellant,

v.

CITY OF AKRON, Appellee.

[Cite as *Rhoden v. Akron* (1988), 61 Ohio App.3d 725.]

Court of Appeals of Ohio,
Summit County.

No. 13743.

Decided Dec. 28, 1988.

*Charles L. Grant,* for appellant.

*Rhonda L. Hendricks,* Assistant Director of Law, for appellee.

---

GEORGE, Judge.·

Appellant, Willie Rhoden, was the owner of a house located at 587 W. Thornton Street, Akron, Ohio. On April 30, 1987, appellant received an order and/or recommendation for corrections from the Akron Health Department giving him ninety days to make repairs to that structure.

On December 19, 1987, appellant received a letter notifying him that the demolition of the premises at 587 W. Thornton would be recommended at the next regularly scheduled meeting of the housing appeals board. He was told that he would be notified of the time and the date of the meeting so that he could appear and show cause as to why the structure should not be razed.

On January 7, 1988, appellee sent notice of the hearing to the appellant by certified mail, which was returned unclaimed. Appellee then, on January 12, 1988, posted a notice of the hearing on the affected premises.

The case was brought before the housing appeals board on January 19, 1988, at which time an order was issued to raze the structure. Appellant appealed to the court of common pleas which affirmed the action of the housing appeals board. This cause is now on review on two assignments of error.

### Assignment of Error II

"The court of common pleas erred in affirming the decision of the Housing Appeals Board upon the basis of the transcript."

In his brief, appellant, for the first time, contests the fact that certified mail service upon him was sent but unclaimed and that notice of the hearing in question was posted at 587 W. Thornton Street, the structure to be razed. In his brief before the common pleas court, the appellant stated in part as follows:

"Appellant never received notice of the hearing. It was sent out by Certified Mail and returned to the Environmental Housing Division 'unclaimed'. It was also posted at the above house, which was known to be vacant by the Environmental Housing Division. No further effort was made to contact appellant with notice of the hearing before the Housing Appeals Board."

It is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact. *Duffy v. Cleveland Coin Machine Exchange, Inc.* (App.1956), 77 Ohio Law Abs. 27, 30, 138 N.E.2d 307, 310. Thus, an admission made in the pleadings dispenses with the need to prove the truth of the matter admitted. Appellant, before the trial court, admitted that the appellee attempted certified mail service on him and that a notice was posted on his property, and he cannot now be heard to contest that fact.

Appellant's second assignment of error is overruled.

### Assignment of Error I

"The Housing Appeals Board erred in conducting its hearing of appellant's case without giving him notice of the time, date and place of the hearing."

In his brief in the trial court, in addition to admitting that certified mail service was attempted and unclaimed, and that notice was posted at the property to be razed, appellant also admitted that on December 19, 1987, he

received a letter from the department of public health notifying him that "his house at 587 W. Thornton Street would be referred to the Housing Appeals Board at their next regularly scheduled meeting with the recommendation that the structure be razed." He was also notified that he would "be notified as to the date, time, and place of the hearing so that you and/or your counsel may be present * * *."

Appellee then sent certified mail notice of the hearing to the appellant on January 7, 1988, which was returned unclaimed. A person has no right to shut his eyes or his ears to avoid information, and then say that he has not been given any notice. See, *e.g., State, ex rel. Schulman, v. Cleveland* (1966), 8 Ohio Misc. 1, 15, 37 O.O.2d 12, 20, 220 N.E.2d 386, 394, and 58 American Jurisprudence 2d (1971) 491–492, Notice, Section 8. A person who fails to claim a letter sent by certified mail may not later complain that he did not receive notice. *Ryan v. Andrews* (1976), 50 Ohio App.2d 72, 77, 4 O.O.3d 49, 51–52, 361 N.E.2d 1086, 1089–1090.

Appellant additionally received notice of the hearing regarding his property when that notice was posted on the premises on January 12, 1988. The United States Supreme Court has recognized that the posting of notice, in instances such as that at bar, is constitutionally adequate.

"It is, of course, reasonable to assume that a property owner will maintain superintendence of his property, and to presume that actions physically disturbing his holdings will come to his attention * * *. The frequent restatement of his rule impresses upon the property owner the fact that a failure to maintain watch over his property may have significant legal consequences for him, providing a spur to his attentiveness, and a consequent reinforcement to the empirical foundation of the principle. Upon this understanding, a state may in turn conclude that in most cases, the secure posting of a notice on the property of a person is likely to offer that property owner sufficient warning of the pendency of proceedings possibly affecting his interests." *Greene v. Lindsey* (1982), 456 U.S. 444, 451–452, 102 S.Ct. 1874, 1879, 72 L.Ed.2d 249, 256–257.

An admission made in the pleadings is equivalent to proof of the fact admitted; it dispenses with the need for further proof. *Duffy, supra.* An admission in the pleadings has two functions. First, it eliminates the need to offer evidence to prove the truth of the matter admitted. Second, once an admission has been made, the matter admitted is no longer subject to challenge. In this case, in matters before the trial court, the appellant admitted that the appellee attempted to give him notice by certified mail service and that a notice was posted on his property. He cannot now be heard to claim that there is a lack of proof of appellee's attempts to give him notice

as he has already admitted that such attempts were in fact made. Thus, the posting of notice at the property affected thereby served as notice to the appellant.

This case is distinguishable from *Solly v. Toledo* (1966), 7 Ohio St.2d 16, 36 O.O.2d 9, 218 N.E.2d 463. In that case, the Toledo ordinance provided for the demolition of property deemed to be a nuisance without previous notice of the pending demolition. *Id.* at 17, 36 O.O.2d at 10, 218 N.E.2d at 465. In this case, the appellant, pursuant to Akron Ordinances 150.05 and 150.03 was given notice of the hearing where demolition would be recommended and, thereby, an opportunity for an administrative hearing with judicial review thereof. *Id.* at 19, 36 O.O.2d at 11, 218 N.E.2d at 466; *Jackson v. Columbus* (1974), 41 Ohio App.2d 90, 93, 70 O.O.2d 92, 93–94, 322 N.E.2d 283, 286.

Appellant's first assignment of error is overruled and the decision of the common pleas court is affirmed.

*Judgment affirmed.*

MAHONEY, J., concurs.

BAIRD, P.J., concurs in judgment only.