These causes were heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs/appellants/cross-appellees Grace and Russell Ross and defendant/appellee/cross-appellant Grace Reeves, the trustee of Silver Springs Trust, both appeal a judgment regarding a contract dispute. This Court affirms in part, reverses in part, and remands for further proceedings.
 I.
In 1994, Grace Reeves held a plot of land in trust for the Silver Springs Trust. Reeves desired to develop this property by subdividing it and selling the individual parcels for residential construction. This plan required the removal of several buildings and the construction of a road.
In June 1994, Reeves and Plaintiffs executed a contract involving the sale and removal of the buildings. The contract consisted of two separate documents. The first document is entitled "BILL OF SALE," and states:
 For value received, the undersigned conveys unto Grace Ross * * *, two older, wooden bank barns.
 The purchase price of the said barns shall be $1.00. This sum shall be paid by the said Russell Ross to the Silver Springs Trust. Silver Springs Trust is paying Russell Ross $4,000.00 for the removal and demolition of the two barns and also two silos and two small buildings together with one other smaller building that will be demolished at a later date. The parties to this bill of sale agree that Russell Ross is performing services for his benefit and that he shall insure himself and to the extent proper insure the Silver Springs Trust as their interest may appear. The parties further agree that title to the materials that make up the two barns shall vest in Russell Ross upon execution of this contract. The parties to this Bill of Sale are referred to a purchase and labor agreement previously executed between the parties and attached hereto for further reference.
The second document, the purchase and labor agreement, states:
 4R Services agrees to remove five buildings on the property owned by Grace E. Reeves.
Buildings are to be removed and fountains taken out.
Two silos are to be removed and fountains taken out.
All concrete is to be buried on site of the job.
 Site is to be graded and will be seeded if property owner wants to furnish some type of seed such as cheap grass seed.
Total price — $4000.00
 HALF is to be paid when the job is HALF done, the other half when the job is completed.
Additionally, in August 1994, the parties contracted to have Russell Ross construct the road.
In June 1995, after Russell had demolished the buildings necessary to clear a path for the road and had nearly completed the work on the road, Reeves became dissatisfied with the quality of Russell's work on the road and with Russell's failure to remove the remaining buildings. As a result, Reeves summarily dismissed Russell and hired a third party, Larry Orr, to complete the work and to repair the damage caused by Russell's allegedly poor workmanship. The only buildings that remained at that time were a barn, a silo, and a small outbuilding.
On October 23, 1996, Plaintiffs filed a complaint against Reeves, alleging that Reeves had improperly prevented Russell from finishing the job. Plaintiffs also alleged that they had an agreement to sell the remaining barn to a neighbor, Duane Miller, and to move it to Miller's property. Plaintiffs claimed that they had planned to move the remaining silo to their own property. Plaintiffs requested damages to compensate them for the loss of these buildings.
Reeves raised several counterclaims in her response. First, Reeves alleged that Plaintiffs had breached the contract by failing to remove the remaining buildings within a reasonable time. Second, Reeves alleged that Plaintiffs' performance in constructing the road was negligent and unworkmanlike. The remaining counterclaims will not be discussed because they are not at issue on appeal. Reeves requested damages to cover the cost of performing the work that Plaintiffs had failed to do, for repairing the work that she claimed Plaintiffs had done improperly, and to compensate her for a sale she allegedly lost due to Plaintiffs' failure to promptly remove the remaining buildings.
On December 29, 1997, the trial court found in favor of Reeves on Plaintiffs' complaint, finding that Russell had failed to remove the remaining buildings within a reasonable time. The trial court then found in favor of Reeves on her first and second counterclaim. Although the trial court refused to compensate Reeves for the lost sale, the trial court awarded Reeves $6,568.25 for the additional costs of removing the remaining buildings and $23,584.14 to correct the problems created by Russell's unworkmanlike construction of the road. Additionally, the trial court found that Grace Ross was not a party to any of these contracts.
Plaintiffs and Reeves have all appealed this judgment. The appeals were consolidated and Reeves' appeal was designated a cross-appeal.
 II.
Plaintiffs' second assignment of error will be addressed first. It states:
 The Trial Court erred in finding that Appellant failed to remove the remaining structures on the Silver Springs property within a reasonable period of time.
"Absent a specific time for contract compliance, a reasonable time for performance is implied." Turner Brooks of Ohio, Inc. v.Bowling Green State Univ. (1989), 51 Ohio Misc.2d 1, 3, citingHarris v. Ohio Oil Co. (1897), 57 Ohio St. 118, 127. In the instant case, there was no specific time set for the removal of the buildings. As such, the trial court was required to determine whether Russell had been given a reasonable amount of time to perform.
On appeal, Plaintiffs do not take issue with the factual findings underlying the trial court's decision. Instead, Plaintiffs argue that those facts do not support the trial court's conclusion that Russell took an unreasonable amount of time to complete the task of removing the buildings.
"Reasonable time is not measured by hours, days, weeks, months or years, but is derived from the surrounding conditions and circumstances which the parties had in contemplation upon execution of the contract." Id. In the instant case, the trial court described the conditions and circumstances as follows:
 At some time after the agreements were entered into, Russell Ross entered into an agreement with Duane Miller to purchase one of the larger buildings * * *. In the summer of 1995, [Russell] Ross hauled 300 to 310 loads of dirt onto Miller's property in preparation for moving the building. By the end of September 1995, [Russell] Ross still had not demolished or moved one silo and a bank barn, and had not moved the building he had sold to Mr. Miller. By a letter dated September 26, 1995, and postmarked October 4, 1995, Russell Ross was advised by defendant's attorney that he was required to move or demolish the remaining buildings on the property by October 8, 1995. [Russell] Ross claims that he did not receive the letter until October 8.
* * *
 * * * [Russell] was aware that the removal of the buildings was necessary in order to construct the roadway and to sell one of the lots. [Russell] was aware that the Reeves' specifically wanted the silo and bank barn removed so that the lot that the buildings were situated on could be sold. [Russell] Ross had approximately 16 months to either demolish or move the buildings as required by the agreement. In fact, [Russell] Ross removed a barn and two other buildings early in the project. [Russell] Ross also had the responsibility of constructing the roadway which arguably consumed most of his working time. In addition, the spring of 1995 was extraordinarily wet. On the other hand, [Russell] Ross was aware that the remaining barn and silo had to be removed or demolished in order for the Reeves' to successfully sell the subject matter lot. In fact, at one point defendant had a buyer under contract to purchase the lot who later rescinded the contract. Finally, [Russell] testified that had he been given an additional day or two he would have had the building that he had sold to Miller removed. [Russell] had already made arrangements to have a truck move the building to Miller's property.
Based on these conditions and circumstances, this Court cannot say that the trial court erred in concluding that Russell had failed to remove the buildings within a reasonable time. Assignment of error number two is not well taken.
 III.
Plaintiffs' first assignment of error states:
 Because Appellant [sic] and Appellee had a valid and binding contract and bill of sale for the ownership of the buildings and owned them pursuant to a bill of sale, appellant was damaged in the amount of Twenty-Five Thousand Five Hundred Dollars ($25,500.00) for the Appellees'
[sic] demolition of the structures. The Court erred in failing to award Appellants
[sic] this Twenty-Five Thousand Five Hundred Dollar [sic] ($25,500.00) for the demolition of their property.
Under this assignment of error, Plaintiffs argue that, even assuming that Russell failed to remove the buildings within a reasonable time, Plaintiffs still owned the remaining barn and silo pursuant to the Bill of Sale. As such, Plaintiffs argue that they are entitled to $25,500 to compensate them for the destruction of their property.
Initially, it must be noted that the contract does not convey ownership of the silo to Plaintiffs. Rather, the Bill of Sale conveys ownership of "two older, wooden bank barns" to Grace Ross and vests "title to the materials that make up the two barns" in Russell Ross. As such, there is no basis whatsoever for Plaintiffs' claim for $13,000 in damages for the destruction of the silo.
In regard to Plaintiffs' claim for $12,500 in damages for the destruction of the barn, this Court concludes that the trial court erred in failing to enter judgment in favor of Plaintiffs. "The construction of written contracts and instruments of conveyance is a matter of law." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus. In this case the contract called for an immediate exchange of goods for money and an exchange of promises to perform in the future. Plaintiffs paid Reeves one dollar and promised to remove all of the buildings from the property within a reasonable time. In exchange, Reeves gave Plaintiffs the two barns and promised to pay Plaintiffs $4,000 for the removal of the buildings, with half to be paid when the job was half completed. The contract expressly conveyed title to the barns immediately "upon execution" of the contract. Therefore, when Reeves hired a third party to destroy the remaining barn, she was destroying Plaintiffs' property.
Because the barn was Plaintiffs' property under the contract, Plaintiffs were entitled to compensation for the loss of the barn. As such, the cause is remanded for a determination of the damages that are due to Plaintiffs to compensate them for the lost barn.
 IV.
Plaintiffs' third assignment of error states:
 The Trial Court also erred in granting Appellee Twenty-Three Thousand Five Hundred Eighty-Four Dollars and fourteen cents ($23,584.14) charged by Larry Orr for the completion of the roadway in the Silver Springs Allotment, because only a small portion of that fee represented the amount expended by Orr in duplicating work done by Appellant.
The trial court cited Ohio Jurisprudence for the measure of damages in this case:
 Where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the measure of damages is the cost of putting the building or construction in the condition in which it would have been if the contractor had done the work properly, and also, the inconvenience and interruption of the plaintiff in the enjoyment of the premises, the loss of its use, * * *.
(Citation omitted.) 30 Ohio Jurisprudence 3d (1981) 42, Damages, Section 35. Neither party disputes this measure of damages. Instead, the only issue raised is whether the evidence supports the trial court's conclusion that Reeves was forced to spend $23,584.14 "in order to correct problems created by plaintiff's unworkmanlike performance."
The appropriate standard of review for a challenge to the weight of the evidence in a criminal case is set forth in State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
This Court has previously held that "[t]here is no reason not to apply the same standard to a manifest weight challenge to a civil judgment." Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported.
In the instant case, it could be inferred that the charges from Larry Orr included charges for work required to complete the road, in addition to the work required to put the road into the condition it would have been in if Russell had performed properly. There was testimony that Russell was dismissed prior to completing the road and that Orr was hired to complete the road in addition to correcting the problems caused by Russell's substandard workmanship.
Nevertheless, there is no indication as to how much, if any, of the $23,584.14 that is at issue herein constituted charges for completing the road. When Orr testified about the $23,584.14 in charges, he stated that the bills were coded so that he could tell what work was being billed. When questioned about the work that was performed pursuant to these bills, Orr only discussed the work that he believed was necessary to correct the problems caused by Russell.
Based on this evidence, this Court cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice when it decided to award the entire $23,584.14 as damages. Assignment of error number three is not well taken.
 V.
Reeves' sole assignment of error on cross-appeal states:
 Trial Court erred by failing to award the Appellees judgement [sic] against Grace Ross, [sic] on the Appellees [sic] counterclaim.
In regard to Grace Ross, the trial court found as follows:
 The agreements in question were entered into by Russell Ross and Grace E. Reeves, Trustee for the Silver Springs Trust. Although in her counterclaim defendant seeks damages against both plaintiffs Grace Ross and Russell Ross, the Court finds that Grace Ross is not a party to any of the contracts. Defendant contends that the agreement calling for the removal of the five buildings owned by defendant was executed on behalf of 4R Services. However, there is insufficient evidence to prove that Grace Ross had an ownership interest in 4R Services. Moreover, defendant dealt directly with plaintiff Russell Ross who did not represent himself as the agent of Grace Ross.
Concerning the building removal contract, Grace filed suit based on her status as a party to that contract. In paragraph one of their complaint, Grace and Russell Ross allege: "On or about June 1, 1994, defendant contracted with plaintiffs for the sale and removal of two wooden bank barns, two silos, two small buildings and one other smaller building[.]" (Emphasis added.) In her answer to Plaintiffs' complaint, Reeves admitted this allegation. Also, in her first counterclaim at paragraph seven, Reeves similarly alleges: "On or about June 1, 1994, Defendant and Plaintiffs entered into an agreement as described in Paragraph 1 in the Complaint for the removal of certain buildings and structures located on real property owned by the Defendant." (Emphasis added.) In their answer to Reeves' first counterclaim, Plaintiffs admitted this allegation. None of these pleadings were amended.
"It is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact. Thus, an admission made in the pleadings dispenses with the need to prove the truth of the matter admitted." (Citation omitted.) Rhoden v. Akron (1988), 61 Ohio App.3d 725, 727. As such, Grace Ross's admissions in the aforementioned pleadings are equivalent to proof of the fact that she was a party to the building removal contract and dispenses with the need for further proof.
Additionally, there was ample evidence that Grace Ross was a party to the building removal contract. The contract states that the barns are conveyed to "Grace Ross" and that "4R Services" will remove the buildings. Part of the contract is on "4R Services" letterhead. Russell Ross testified that 4R Services is owned by both he and Grace Ross. Trisha Reeves, the daughter of Grace Reeves, testified that everything that Russell supplied to them said 4R Services and that Russell had represented that 4R Services was owned by Grace Ross. Trisha Reeves also noted that when Russell procured insurance the insurance policy was in the name of Grace Ross. When questioned about this, the insurance agent asserted that Grace Ross is 4R Services.
Based on all of the foregoing, the trial court clearly erred when it found that Grace Ross was not a party to the building removal contract.
Regarding the road construction contract, the issue of Grace's involvement is less clear. Plaintiffs specifically denied that they had entered into such a contract in their answer to Reeves' counterclaim and there is no writing in the record to indicate that Grace was a party to the road construction contract.
However, Plaintiffs did admit in their trial brief that 4R Services was a party to the road construction contract. In that regard, Russell testified that he and 4R Services were the same and that both he and 4R Services had contracted to construct the road. As noted above, Russell also admitted that 4R Services was owned by both he and Grace. Russell's testimony is further supported by the aforementioned testimony of Trisha Reeves, who stated that everything that Russell gave to them said 4R Services, that Russell had represented that 4R Services was owned by Grace Ross, and that the insurance agent had informed her that Grace Ross and 4R Services were the same. Therefore, the evidence that 4R Services contracted to construct the road appears uncontroverted. Equally uncontroverted is the evidence that Grace Ross owns some portion of 4R Services.
Nevertheless, it is impossible to tell whether Grace should be held personally liable on the road construction contract. The record fails to contain any evidence describing the nature of 4R Services and of Grace's interest therein. 4R Services could be a corporation, an unincorporated association, a partnership, or simply Grace's alter ego; Grace could be a sole proprietor or a partner. Without some evidence concerning the nature of 4R Services and of Grace's interest therein, it was proper for the trial court to refuse to hold Grace personally liable on the road construction contract.
Reeves' assignment of error on cross appeal is well taken insofar as it concerns the award of damages on the building removal contract and is not well taken insofar as it concerns the award of damages on the road construction contract.
 VI.
In conclusion, the trial court is reversed insofar as it found in favor of Reeves on Plaintiffs' complaint requesting damages for the destruction of their barn and the cause is remanded for a determination of Plaintiffs' damages on that issue. Additionally, the trial court is reversed insofar as it found that Grace Ross was not personally liable on the building removal contract.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 _________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P.J.
SLABY, J.
CONCUR