OPINION.
A tenant of an apartment moved out and sent a certified-mail letter to the landlord containing a forwarding address for the return of her security deposit. The landlord did not claim the certified letter and now contends that, because he did not actually receive notice of the forwarding address, he is not liable for the return of the deposit. Not so.
Plaintiff-appellee Tracy Ely was a tenant in an apartment for which defendant-appellant John Schroder was the landlord. After Ely moved out of the apartment, Schroder did not return Ely's $485 security deposit to her and did not give any reason for failing to do so. Ely sued Schroder for the return of the deposit.
A magistrate found that Ely had vacated the apartment on July 6, 1998, and that, on July 9, 1998, she had sent a certified-mail letter to Schroder in which she indicated an address where her deposit could be returned. The magistrate found that Schroder did not pick up or claim the letter, which had Ely's name listed as a returnee. (In fact, two unopened certified-mail letters were presented as evidence before the magistrate: (1) the July 9, 1998, letter and (2) a letter dated August 21, 1998, which, according to Ely, also contained her forwarding address. At trial, the magistrate only opened the July 9 letter.) The magistrate concluded that Schroder had wrongfully withheld Ely's deposit and held that Ely was entitled to double her deposit as damages, for a total of $970. The trial court adopted the magistrate's decision, and Schroder now appeals.
Schroder asserts two assignments of error. Both involve R.C. 5321.16, which provides that landlords must return security deposits, minus deductions, to tenants. R.C. 5321.16(B) states, "Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section." Division (C) provides, "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."
In Schroder's first assignment, he asserts that the trial court erred in concluding that Ely had complied with the notice requirements of R.C. 5321.16(B). Schroder claims that, because he never saw the certified mail sent to him, Ely did not give proper notice of her forwarding address. Essentially, Schroder asks us to hold Ely responsible for Schroder's failure to claim or open his mail. We decline to do so. Schroder contends that picking up certified mail is an "added burden" on the landlord not contemplated by the statute. This argument's greatest (and perhaps only) strength is its creativity. The tenant is certainly not required to send notice by certified mail, but we fail to discern any intent to prohibit that method. Indeed, sending certified mail provides irrefutable proof that proper notice was sent.
We conclude that, because Schroder failed to claim the certified mail, he should be held responsible for the failure to return the security deposit. As one court has stated, "A person has no right to shut his eyes or his ears to avoid information, and then say he has not been given any notice. A person who fails to claim a letter sent by certified mail may not later complain that he did not receive notice."[1] We hold that, where a tenant sends his or her new or forwarding address via certified mail to the landlord, and where the landlord fails to claim that mail, the tenant's notice requirements under R.C. 5321.16(B) have been satisfied. Schroder asks us to require the tenant, under these circumstances, to also send regular mail, similar to the service-of-process requirement of the civil rules. We decline to adopt any heightened requirements for the tenant. Schroder's first assignment is overruled.
In Schroder's second assignment, he asserts that the court lacked jurisdiction to award "double damages" against him. But R.C. 5321.16(C) gives courts jurisdiction to award "double damages" in cases where money due to a tenant has been wrongfully withheld. Here, based on our response to the first assignment, we agree with the trial court that Schroder wrongfully withheld Ely's security deposit. Thus, the award of $970 was proper. We reject Schroder's second assignment.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 SUNDERMANN and WINKLER, JJ., concur.
[1] Rhoden v. Akron (1988), 61 Ohio App.3d 725, 728,573 N.E.2d 1131, 1132 (citations omitted.