DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brian Carter, appeals the decision of the Summit County Court of Common Pleas, which affirmed Appellee's, Akron Health Department Housing Appeals Board ("HAB"), decision to deny Appellant's request for a continuance of a hearing where the HAB unanimously voted to demolish Appellant's property. We affirm.
 {¶ 2} The property at issue, 969 Akers Court, Akron, is owned by Appellant. Beginning in April 2003, Akron Health Department made numerous inspections of the property. These inspections found multiple violations of the Akron Environmental Housing Code. The first inspection ordered Appellant to complete repairs on the chimney, the exterior doors and windows, and the steps, floor rail and roof supports of the porch. Appellant was also to remove the tree growing against the foundation, direct the water draining from the downspouts away from the house, remove garbage and refuse from the premises and maintain the property in a sanitary condition. Notice of the orders to comply were sent to Appellant and Jim Horrigan, listed as the "Operator/Agent."
 {¶ 3} The Health Department received other complaints in June 2003, citing problems with litter, tires, furniture on the front porch, and branches in the yard. An inspection was performed and the inspector's notes stated there was minimal compliance with the April 2003 orders. The water was shut off in late June and had not been restored in July, when Appellant notified the inspector on June 30, 2003, that the persons inhabiting the house were friends of the previous tenant, who had since moved out. Appellant stated that he would not restore the water service while the squatters were living in the house and indicated he would pursue an eviction action if the squatters had not moved out by the following week. Appellant also promised to remove the debris in the yard. The property was re-inspected on August 26, 2003, and no progress had been made. On August 27, 2003, a notice was sent to Appellant and his agent scheduling an administrative hearing on September 10, 2003. Neither party appeared at the hearing. An Administrative Penalty of $100.00 was assessed and a notice posted for non-compliance on December 31, 2003, after another inspection found numerous continuing violations.
 {¶ 4} A tenant at the property filed a complaint on March 29, 2004, citing lack of water. The inspector determined the water had been illegally turned on subsequent to June 25, 2003, and scheduled an interior and exterior inspection with the tenant. The new property manager, Linda Collins, was also contacted and advised to have the water turned on within 24 hours. During the inspection on March 20, 2004, the inspector noted 28 violations, including structural damage, needed repairs, animal waste and rodent infestation, and determined the property was unfit for human habitation. A condemnation notice was posted and the tenants were ordered to vacate by April 10, 2004. After being informed that the tenants had moved out and the property had been cleaned, an inspector was scheduled to do an interior inspection with Linda Collins and a contractor on May 11, 2004. Both Linda Collins and the contractor failed to show for the inspection, and the inspector noted that no exterior compliance was evident. A notice to appear for an administrative hearing on June 8, 2004, was sent on May 27, 2004, to Appellant and Linda Collins. Both parties failed to attend the hearing, and the parties were ordered to comply by June 18, 2004. The exterior of the property was inspected again on June 25, 2004, showing no progress.
 {¶ 5} An inspection of the property was conducted on October 20, 2004, and the inspector noted the electric had been turned off, and the exterior of the house still contained violations. The inspector also noted that Linda Collins was no longer at her work number. On October 21, 2004, a message was left for Appellant advising him of further non-compliance and possible administrative penalties or court action. A notice was subsequently sent to Appellant indicating that the March orders had not been complied with, and stated a final extension would be granted to either rehabilitate or raze the property.
 {¶ 6} An inspector reached Appellant on November 22, 2004, and was told Appellant had a new address, which the inspector listed in his notes as "1628 Ovievo Circle, #6, Oviedo, FL 32765." Appellant also told the inspector that he would have someone named Billy contact him to make arrangements to inspect the property. This inspection was arranged for December 15, 2004, but Billy failed to meet the inspector at the property. Additional violations were noted during this inspection.
 {¶ 7} A hearing was scheduled with the HAB to consider demolishing the property on January 18, 2005. A notice regarding the hearing was mailed to Appellant at his new Florida address and posted at the property site. The certified mail notice to Appellee was returned undelivered, due to an improper address. The notice was also sent to Appellant via regular mail was not returned. On January 14, Appellant called the HAB and acknowledged receiving notice of the hearing, but stated he could not make it up from Florida by January 18. Appellant faxed a request for an extension on January 18, stating that he did not receive notice of the hearing until January 14. The hearing went forth on January 18, and the HAB found the house to be "vacant" and "dilapidated" as well as "a blighting influence on the neighborhood." The HAB ordered the house to be razed, and one of board members noted Appellant's lack of attention to the property, failure to remedy the continuous violations and failure to maintain a local agent. The board voted unanimously to demolish the property.
 {¶ 8} Appellant filed a Notice of Appeal of Administrative Ruling and a Motion for Stay of Execution Pending Final Appeal on February 17, 2005, with the Summit County Court of Common Pleas. The trial court granted Appellant's motion to stay the demolition of the property during the pendency of the appeal, and issued a final appealable order on May 31, 2005, affirming the decision of the HAB.
 {¶ 9} Appellant appealed, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The [administrative agency's] findings and orders are void ab initio based upon improper service upon Appellant under the circumstances and/or Appellant's case should be decided upon its merits."
 {¶ 10} In his first assignment of error, Appellant asserts that the HAB's findings were immediately void because there was improper service regarding the notice of the HAB hearing. We disagree.
 {¶ 11} We begin our discussion by noting our standard of review of administrative appeals. R.C. 2506.04 provides the standard of review for the common pleas court: "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The common pleas court weighs the evidence in the record and may consider new or additional evidence in certain circumstances. See R.C. 2506.03;Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612. A party may then appeal the court of common pleas' decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure[.]" R.C. 2506.04.
 {¶ 12} Upon appeal from the common pleas court, our review is even more limited. We must affirm the decision of the common pleas court unless we find, as a matter of law, the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith, 81 Ohio St.3d at 613, quotingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. See, also,Russel v. Akron Dept. of Public Health, Hous. Appeals Dept.
(2001), 142 Ohio App.3d 430, 432; Copley Twp. Bd. of Trustees v.Lorenzetti (2001), 146 Ohio App.3d 450, 454. In making this determination, this Court applies an abuse of discretion standard. Lorenzetti, 146 Ohio App.3d at 454. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 13} The majority of Appellant's argument focuses on his assertion that notice of the HAB hearing was not properly calculated to apprise him of the proceedings and the lack of notice did not permit him to "present his position, objections and/or protect his interests." We disagree, and affirm the decision of the trial court.
 {¶ 14} After multiple inspections and notices of continuing violations and non-compliance, a letter dated October 21, 2004, was mailed to Appellant. The letter informed Appellant that he had failed to comply with previous orders and the Health Department had "extended all means short of court action to gain compliance." The letter stated that a final extension would be granted to either rehabilitate or raze the structure by November 20, 2004, and that if Appellant continued with his non-compliance, the case would be brought before the HAB with the recommendation that the structure be demolished. Appellant was also contacted on October 21, 2004, via telephone and informed of the possible court action. On November 22, Appellant was contacted via telephone and a notation was made of his new mailing address, which was listed on the inspector's notes as "1628 Ovievo Circle #6, Oveido, FL, 32765." On December 13, 2004, Appellant also told the inspector at this time to contact a "Billy" from the Akron area to go through the property. The inspector and Billy were to inspect the property on December 15, 2004, but Billy did not keep the appointment.
 {¶ 15} The case was referred to the HAB and a notice advising Appellant of the administrative hearing regarding demolition was sent to him, his mortgage company and another individual, who had an interest in the property, via certified and regular mail. The certified mail notice to Appellant was addressed correctly to "1628 Oviedo Grove Cir #6, Oviedo, FL, 32765," but was stamped "Return to Sender — Unclaimed — Unable to forward" on February 1, 2005. The notice sent by regular mail was not returned to the HAB. The notice was also posted on the property on January 6, 2005.
 {¶ 16} An inspector's notes dated January 14, 2005, indicate Appellant phoned the HAB and stated that he could not make it to Akron from Florida for the hearing on such short notice. On January 18, 2005, Appellant faxed a letter to the HAB and requested an extension because he had received the hearing notice on January 14. The hearing was held, and the HAB members were informed that Appellant had telephoned on January 14, stated he could not make it to the hearing, and had faxed in a letter requesting an extension. The HAB noted that Appellant had informed them that he no longer retained a local agent for the property and unanimously voted to demolish the property. One board member stated,
"there has been a lot of history with this property, just looking within the last year, without much compliance from an owner who doesn't live in the state and doesn't have anybody here to represent him and take any responsibility for this property. So I think we would be doing the city a disservice to leave it up."
 {¶ 17} Appellant argues that he did not receive adequate notice to appear and defend his position at the hearing, which resulted in a due process violation. Appellant further argues that HAB knew that the letter informing him about the demolition hearing "was not reasonably calculated under the circumstances to apprize [sic] Appellant of the pendency of the January hearing and to apprize [sic] him of adequate notice to present his position, objections, and/or protect his interests." The HAB contends that Appellant had sufficient notice because the information regarding the hearing was posted on the property, as well as sent to Appellant through certified and regular mail. The HAB also argues that Appellant acknowledged he had received notice during his telephone call and faxed letter to the HAB.
 {¶ 18} This Court previously concluded that "a person who fails to claim a letter sent by certified mail may not later complain that he did not receive notice." Rhoden v. Akron
(1988), 61 Ohio App.3d 725, 728, citing Ryan v. Andrews (1976),50 Ohio App.2d 72, 77. With regards to the issue of whether a person has sufficient notice via a posting on his property, theRhoden Court stated:
"The United States Supreme Court has recognized that the posting of notice * * * is constitutionally adequate.
`It is, of course, reasonable to assume that a property owner will maintain superintendence of his property, and to presume that actions physically disturbing his holdings will come to his attention * * *. The frequent restatement of his rule impresses upon the property owner the fact that a failure to maintain watch over his property may have significant legal consequences for him, providing a spur to his attentiveness, and a consequent reinforcement to the empirical foundation of the principle. Upon this understanding, a state may in turn conclude that in most cases, the secure posting of a notice on the property of a person is likely to offer that property owner sufficient warning of the pendency of proceedings possibly affecting his interests.'Greene v. Lindsey (1982), 456 U.S. 444, 451-452,72 L.Ed.2d 249, 256-257." Rhoden, 61 Ohio App.3d at 728.
 {¶ 19} Furthermore, as this Court concluded in Thrower v.City of Akron, 9th Dist. No. 21153, 2003-Ohio-1307, at ¶ 26, "It is fundamental that a due process violation does not occur if notice and an opportunity to be heard are given." The City of Akron has repeatedly inspected the property and issued numerous citations and warnings to Appellant and his previous local agents. Neither Appellant, nor his previous agents, ever appeared at prior hearings, and the Appellant has a long history of being non-compliant with the City's orders. We agree with the trial court when it stated, "It is the responsibility of the property owner to be cognizant of the property he owns. Accordingly, this Court finds that there are no due process violations in that Carter had actual knowledge of the hearing and did not attend."
 {¶ 20} Appellant also contends that the HAB erred because it did not grant him a continuance after he had faxed his letter to the HAB stating why he could not attend the hearing. We do not see the merit in this argument. The Ohio Supreme Court has held that it is within a board's discretion whether or not to grant a continuance. Coats v. Limbach (1989), 47 Ohio St.3d 114, 116. Sufficient grounds for granting a continuance because of the absence of a party are 1) the party's absence is unavoidable and not voluntary; 2) his presence at the trial was necessary; 3) the application was made in good faith; and 4) that he probably will be able to attend court at some reasonable future time. Id. We agree with the HAB's findings that Appellant failed to present any evidence showing why his absence was unavoidable. Appellant stated he needed more time to make arrangements to leave town. However, Appellant had no local agent, had a history of missed appearances and non-compliance, and, as the trial court pointed out, did not retain counsel until a month after the HAB hearing. We do not find the trial court abused its discretion when it affirmed the HAB's decision to deny Appellant's request for a continuance.
 {¶ 21} Considering the record before the trial court, as well as the foregoing legal standard of review, we cannot say the trial court's decision to affirm the HAB's demolition order was not supported by a preponderance of reliable, probative and substantial evidence. The decision to affirm the HAB's order to demolish the house because it was "dilapidated, decayed, unsafe, unsanitary and a blighting influence on the neighborhood," and "a public nuisance" was not an abuse of discretion by the trial court, and was not illegal, arbitrary or capricious in any way. We overrule Appellant's first assignment of error.
ASSIGNMENT OF ERROR II
"The trial court in error denied Appellant's appeal from the administrative agency, including failing to permit additional evidence as set forth in [R.C.] 2506.03."
 {¶ 22} Our disposition of Appellant's first assignment of error renders this assignment of error moot. We therefore decline to address it. See App.R. 12(A)(1)(c).
 {¶ 23} Appellant's first assignment of error is overruled, and we decline to address his second assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Moore, J. concur