STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT, *v.* DICENZO, APPELLEE.

(No. 80AP-540—Decided February 17, 1981.)

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Ms. Evelyn J. Stratton,* for appellant.

*Mr. Philip Q. Zauderer* and *Mr. Carl J. Meyer,* for appellee.

STRAUSBAUGH, P. J. This is an appeal from a decision of the Franklin County Municipal Court sustaining defendant's motion for a directed verdict. At the beginning of the trial, the parties stipulated that, on December 19, 1979, a vehicle driven by Deborah Smith, plaintiff's insured, was struck by a vehicle driven by defendant-appellee, Katherine A. Dicenzo, who failed to yield the right of way. The parties also stipulated that the amount of damages incurred and paid for by plaintiff was $1,846.76.

The only issue which remained in dispute between the parties concerned ownership of the vehicle driven by plaintiff's insured. Plaintiff-appellant, State Farm Mutual Automobile Insurance Company, presented the testimony of Deborah Smith, who stated that she had purchased the vehicle in question and that the original title was held by General Motors Acceptance Corporation. Plaintiff also introduced in evidence the white memorandum copy of the original title as proof of ownership. At the close of plaintiff's case defendant moved for a directed verdict on the ground that there was no proper evidence of ownership presented by the plaintiff.

In appealing the decision of the trial court, plaintiff raises the following assignments of error:

(1) "The lower court erred in granting defendant's motion for a directed verdict."

(2) "The lower court erred in not granting plaintiff permission to re-open its evidence to submit proof of title."

(3) "The lower court erred in not granting plaintiff a new trial on the grounds of accident or surprise, which ordinary prudence could not guard against."

Central to any consideration of the first assignment of error is R.C. 4505.04, which, in its pertinent part, states:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

The language of the above statute indicates that, when the parties stipulate ownership of the vehicle in question or when the parties admit ownership within the pleadings, there is no need to introduce a certificate of title as evidence of ownership. *Peters Motors, Inc.,* v. *Rodgers* (1954), 161 Ohio St. 480 [53 O.O. 366].

A review of the pleadings in this case reveals that plaintiff alleged in the first paragraph of the original complaint that plaintiff insured Deborah Smith for damages to a vehicle owned by the insured. Defendant specifically admitted the allegations contained in paragraph one of the complaint in the answer filed with the trial court on April 28, 1980. By virtue of said admission and in the absence of any attempt by defendant to amend the answer, plaintiff did not have to present the certificate of title as proof of ownership.

Defendant contends, citing Civ. R. 15(B), that if a party fails to introduce in evidence an admission in a pleading and permits that issue to be tried before the trial court, said party waives the benefit of the admission in the pleading. By its language, Civ. R. 15(B) applies only "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties * * *." In the present case, the issue of ownership was raised by plaintiff and admitted by defendant. Defendant's position is contrary to the holding of the Ohio Supreme Court in the case of *Gerrick* v. *Gorsuch* (1961), 172 Ohio St. 417 [17 O.O.2d 353], which held, in the second paragraph of the syllabus, that:

"A party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party. In such an instance, any evidence with respect to that fact can have no material effect."

Defendant's reliance on this court's opinion in *Carey* v. *Stepp* (Franklin Cty. Ct. of Appeals No. 79AP-67, September 25, 1979), unreported, is misplaced. That case held that ownership of a motor vehicle could not be proved by a photostatic copy of the certificate of title, said evidence not amounting to the best secondary evidence available. However, the facts in *Carey* indicate that the defendants' answer specifically denied plaintiff's allegation of ownership of the motor vehicle involved. Such is not the case before us.

Because of the defendant's admission in the answer, plaintiff did not have to present any evidence on the issue of ownership. We therefore find that the trial court erred in sustaining defendant's motion for a directed verdict. Plaintiff's first assignment of error is well taken and is sustained.

Upon announcement of the decision of the trial court to sustain defendant's motion for a directed verdict, plaintiff moved for a new trial pursuant to Civ. R. 59(A)(3). Plaintiff asserts that the trial court erred by overruling said motion. We agree. In light of defendant's admission within the answer, plaintiff could not have expected to face an issue concerning the ownership of the vehicle at trial. The trial

court abused its discretion when it denied plaintiff's motion for a new trial. The second assignment of error is well taken and is sustained.

At a later date plaintiff filed, with the trial court, a motion to vacate pursuant to Civ. R. 60(B)(5). Within said motion, plaintiff pointed out, to the trial court, defendant's admission. For the reasons stated in the discussion of the first assignment of error, the trial court abused its discretion in denying plaintiff's motion to vacate. Plaintiff's third assignment of error is well taken and is sustained.

The judgment of the trial court is hereby reversed. In light of the stipulations made at trial and the decision of this court as to the issue of ownership, no new trial is necessary. The judgment of the trial court sustaining defendant's motion for a directed verdict is reversed and the cause is remanded with instructions to enter judgment for the plaintiff for the stipulated damages.

*Judgment reversed and cause remanded with instructions.*

McCormac and Moyer, JJ., concur.