OPINION.
{¶ 1} This is an accelerated calendar appeal submitted on the briefs of the parties from judgment entries issued by the Lake County Court of Common Pleas, in which a jury rendered a verdict in favor of appellee, Joyce E. Hummel, and ordered appellants, Frank A. Suglia ("Suglia") and Mr. Cars Automotive, Inc. ("Mr. Cars, Inc."), jointly and severally, to pay compensatory damages, punitive damages, and attorney's fees.
 {¶ 2} The record discloses the following facts. Suglia is engaged in the repair and restoration of motor vehicles and is the sole owner of Mr. Cars Automotive, Inc., and does business under that name. Appellee is the widow and executrix of the estate of Thomas C. Hummel, Sr. ("Hummel").
 {¶ 3} On October 6, 1999, Hummel purchased a 1931 Ford two-door, Model A drag car, from Suglia. Hummel first noticed the vehicle when it was parked at Mr. Cars, Inc. At a later date, Hummel viewed the vehicle at Suglia's home. At this time a sign had been placed on the vehicle which stated "Will Finish OR As Is." After viewing the vehicle, Suglia informed Hummel that it was equipped with a freshly rebuilt Chrysler Hemi engine and was in driving condition. Hummel agreed to make the purchase and issued two separate checks, each for $6,000, to Suglia.[1]
 {¶ 4} In mid-November 1999, Gary Wolcott ("Wolcott") picked up the vehicle on behalf of Hummel. It was then taken to Wolcott's garage to verify its condition before putting it on the road. After making a detailed inspection, Wolcott determined that the motor had not been rebuilt and that there were numerous problems with the engine.
 {¶ 5} Hummel issued a letter to Suglia informing him of the engine's non-conformity and demanded a return of his money in exchange for a return of the vehicle and a release, or, in the alternative, for the payment of $6,000 with Hummel keeping the vehicle. Suglia refused the rescission and this case was subsequently filed in the Lake County Court of Common Pleas.
 {¶ 6} Appellee's complaint included three separate claims against Frank A. Suglia, d.b.a. Mr. Cars Automotive Inc. and Mr. Cars Automotive, Inc.: (1) breach of an express warranty of the condition of the engine; (2) rescission of contract; and (3) fraud. On November 19, 2001, appellee filed a plaintiff's notice of specific demand pursuant to Civ.R. 54(C). Appellee gave notice that the rescission of contract claim stated in his complaint would not be pursued. As a result, appellee's claim for monetary damages was based solely upon breach of an express warranty under count one of the complaint and fraud under count two of the complaint.
 {¶ 7} Ultimately, the jury unanimously found in favor of appellee and appellants were ordered to pay $9,915.95 for breach of an express warranty, $5,000 for fraud and $13,082.50 in attorney fees.[2]
 {¶ 8} From this judgment, appellants filed a notice of appeal with this court, advancing four assignments of error for our consideration:
 {¶ 9} "[1.] The Plaintiff Purchased The Vehicle In Question From Frank A. Suglia not from Mr. Cars Automotive Inc., and The Verdict Against Defendant-Appellant Mr. Cars Automotive Inc., Is Against The Manifest Weight Of The Evidence.
 {¶ 10} "[2.] The Defendant-Appellee Hummel Purchased The Vehicle In An "As Is" Condition And The Court Erred In Not Instructing The Jury On This Issue.
 {¶ 11} The Court Further Erred In Failing To Instruct The Jury On Implied Warranty, Fitness For A Particular Purpose, and Duty To Investigate.
 {¶ 12} "[3.] Neither Frank Nor Mr. Cars Automotive Inc. Engaged In Fraud In The Sale Of The Vehicle To Mr. Hummel.
 {¶ 13} "[4.] Gary w. Wolcott was not qualified as an expert and should not have been permitted to testify in this case."
 {¶ 14} In the first assignment of error, appellants challenge the jury's verdict against Mr. Cars, Inc. According to appellants, this was a private sale between two individuals, Suglia and Hummel. Therefore, appellants argue the verdict against Mr. Cars, Inc. is against the manifest weight of the evidence.
 {¶ 15} A preliminary issue of this assignment of error concerns the admissions made in the joint answer to appellee's complaint. Paragraph two of appellee's complaint stated, "The Defendants Frank A Suglia and Mr. Cars Automotive, Inc. offered for sale a certain 1931 Ford two-door coupe, Model A drag car[.] * * *" In their joint answer and counterclaim, Suglia and Mr. Cars, Inc. confirmed that they "[a]dmit the truth of the statements contained in Paragraph 2."
 {¶ 16} An admission in a pleading may be amended pursuant to Civ.R. 15(A). In pertinent part, Civ.R. 15(A) states:
 {¶ 17} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party."
 {¶ 18} This court has reinforced the necessity of following the proper procedures to amend a pleading. We have stated that to amend a pleading outside of the normal parameters, as discussed in Civ.R. 15(A), leave of court must be granted. Tayerle v. Hergenroeder (Dec. 10, 1999), 11th Dist. No. 98-G-2195, 1999 Ohio App. LEXIS 5931, at 4.
 {¶ 19} If the admission cannot be amended, then it is indisputable and is established as fact. Civ.R. 36(B) states, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."
 {¶ 20} The Supreme Court of Ohio has recognized that Civ.R. 36(B) should remain flexible in the interest of justice. In Cleveland TrustCo. v. Willis (1985), 20 Ohio St.3d 66, 67, the Court stated that Civ.R. 36(B) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."
 {¶ 21} In the instant case, appellants filed their original answer, which included their admissions, on December 1, 2000. Appellants then filed an amended answer on August 15, 2001. This disparity of nine months and fourteen days was well beyond the time limitations set forth in Civ.R. 15(A); thus, leave of court was necessary.
 {¶ 22} The record is void of any evidence demonstrating that appellants either requested leave of court to file their amended pleadings, or that the trial court somehow granted leave of court. Further, this specific issue was not assigned as error in this appeal.
 {¶ 23} It is axiomatic that when a trial court fails to rule upon a party's motion, the reviewing court will presume that the trial court overruled such motion. State v. Linder (Nov. 23, 1994), 8th Dist. No. 66549, 1994 Ohio App. LEXIS 5239, at 3. See, also, State ex rel. Forsythv. Brigner, 86 Ohio St.3d 299, 300, 1999-Ohio-105. Thus, as the reviewing court, we will presume that the trial court did not grant leave of court to appellants to file their amended answer.
 {¶ 24} Appellants also failed to amend their pleadings to conform to the evidence. Civ.R. 15(B) governs amendments of pleadings to conform to the evidence and provides:
 {¶ 25} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. * * *" See, e.g., In re ElectionContest of Democratic Primary Election Held May 4, 1999 for Nomination tothe Office of Clerk, Youngstown Mun. Court (2000), 88 Ohio St.3d 258,265, 2000-Ohio-325.
 {¶ 26} At no time during trial, did the parties expressly or impliedly contest Mr. Cars, Inc.'s involvement in the sale of the automobile.[3] Moreover, even if there had been such evidence, appellants failed to file a motion to conform the pleadings pursuant to Civ.R. 15(B). As a result, the case was presented to the jury as though the admissions were not in dispute. For example, when the jury instructions were read to the jury the trial court consistently referred to both Suglia and Mr. Cars, Inc. as the defending party:
 {¶ 27} "This action is brought by Plaintiff to recover damages from Defendants * * *
 {¶ 28} "* * *
 {¶ 29} "Punitive damages may be awarded against the Defendants as a punishment to discourage others from committing similar acts.
 {¶ 30} "* * *
 {¶ 31} "If you find that the Defendants breached an express warranty, (count one), or intentionally misrepresented the condition of the car, (count three) and that Defendants' actions caused injury or damage to the Plaintiff, then your verdict must be for the Plaintiff with respect to that count or counts."
 {¶ 32} At no time was the jury presented with the issue of whether Mr. Cars, Inc. was involved in the sale. The jury instructions reinforce the fact that this matter proceeded through trial and was presented to the jury without any dispute over Mr. Cars, Inc.'s involvement, or without any attempt to correct the admission made in appellants' original answer.
 {¶ 33} While a party has the opportunity to amend pleadings before or during trial, the proper procedural steps must be taken to do so. By not requesting leave of court and by not otherwise pursuing their one attempt to amend their pleading pursuant to Civ.R. 15(A), appellants have waived the issue.
 {¶ 34} Because appellants failed to properly dispute this admission before or during trial, appellee reasonably relied upon such admission and would be prejudiced if this admission was not established as fact. Furthermore, any failure of the trial court to issue a ruling regarding appellants' motion to amend their answer was not assigned as error on appeal.
 {¶ 35} In addition to appellants' failure to pursue the amendment of their pleadings, it is clear that they introduced no evidence or testimony to dispute that Mr. Cars, Inc. was involved in the sale. Appellants had multiple opportunities during trial to raise this specific issue to the jury and submit evidence or testimony in support of their present contentions. Appellants, however, elected to forego presenting such evidence, and are now precluded from doing so on appeal. For these reasons, appellants' first assignment of error is meritless.
 {¶ 36} In their second assignment of error, appellants maintain that it was error for the trial court to omit jury instructions regarding the vehicle being purchased "as is." Appellants also contend the trial court erred in not instructing the jury on implied warranty, fitness for a particular purpose, and duty to investigate.
 {¶ 37} The initial issue in this assignment of error is whether a proper objection to the trial court's jury instructions was made on record to preserve an appeal. To assign error to the trial court's jury instructions a proper objection must be made before the jury retires. Pursuant to Civ.R. 51(A):
 {¶ 38} "[A] party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *"
 {¶ 39} In the application of Civ.R. 51(A), this court has reaffirmed the basic premise of this rule, to wit: that a party is precluded from assigning as error the failure to give an instruction where there was no objection made. Kovach v. Lazzano (Aug. 5, 1983), 11th Dist. No. 1082, 1983 Ohio App. LEXIS 12491, at 5, citing Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207.
 {¶ 40} The objection must also be properly recognizable as an objection. Civ.R. 51(A) states that an objection must state specifically the matter objected to and the grounds of the objection. It has been found that "[a] general exception to an instruction without stating any specific ground fails to comply with the requirements of Civil Rule 51[A]." Kovach at 6-7. Moreover, the objection must be stated "distinctly" to be properly presented for review. Singfield v. Thomas
(1971), 28 Ohio App.2d 185, 187. See, also, Davis v. Sam's Club (Sept. 12, 1996), 8th Dist. Nos. 69647 and 70284, 1996 Ohio App. LEXIS 3924.
 {¶ 41} In the instant case, at no time did appellants make an objection on the record as to the omission of jury instructions for implied warranty, fitness for a particular purpose, or duty to investigate. This being the case, appellant has failed to employ appropriate language that would preserve the issue for appellate review. See, e.g., Kelly v. Cairns Bros., Inc. (1993), 89 Ohio App.3d 598. Thus, pursuant to Civ.R. 51(A), appellants may not assign these omissions as error. For this reason, this portion of appellants' second assignment of error is without merit.
 {¶ 42} Prior to closing arguments, and out of the hearing of the jury, the record demonstrates a discussion regarding the omission of jury instructions regarding the vehicle being sold "as is." At no time during this discussion did appellants actually object to the omission of such instructions. Rather, it was a general discussion as to why the instruction of "as is" would be irrelevant to the case. After the trial court inquired as to whether both parties were satisfied with the jury instructions, appellant's counsel stated:
 {¶ 43} "Ms. Wright: Plaintiff bought this car as is. And I'm looking through that to see what `as is' is —
 {¶ 44} "* * *
 {¶ 45} "Ms. Wright: Of course the question presented here is whether there was a statement that it was a freshly rebuilt Hemi and he's asserting that it wasn't.
 {¶ 46} "The Court: I understand that. But what does that have to do with `as is'? You can argue `as is,' clearly there is evidence of `as is.' I guess what I'm saying I don't know that I can give an instruction of law on `as is' because we are not dealing with implied warranty here, correct?
 {¶ 47} "* * *
 {¶ 48} "The Court: You agreed? From the standpoint of the instructions of law, because this is not a claim of breach of implied warranties that the `as is' instruction would not apply because the `as is' is in the evidence. I am not going to preclude you from arguing, but there is no applicable law that will define what that is which gives reliance to that point, unless you persuade me to the contrary. That's my thoughts on that. Anything else that you take issue with in the instructions of law?
 {¶ 49} "Ms. Wright: I accept the Jury instructions."
 {¶ 50} Furthermore, at the close of oral arguments, when given their final opportunity to object to the trial court's jury instructions, appellants replied that they had no objections.
 {¶ 51} Appellants have failed to demonstrate that a sufficient objection had been made. The discussion upon which they now rely, was a general non-specific discussion of the applicable law held prior to closing arguments. Despite her initial concern, appellants' attorney ultimately conceded and accepted the court's view that a jury instruction regarding "as is" was irrelevant. Any objection was effectively withdrawn. Thus, this portion of appellants' second assignment of error is also without merit.
 {¶ 52} In their third assignment of error, appellants contend that they did not engage in fraud during the sale of the vehicle. In effect, appellants ask this court to find that the manifest weight of the evidence demonstrates that there was no fraud.
 {¶ 53} Whether a lower court's judgment is against the manifest weight of the evidence is a factual issue. Buck v. Canacci (Nov. 21, 1997), 11th Dist. No. 96-L-185, 1997 Ohio App. LEXIS 5236, at 4-5. "As a result, a reviewing court must simply determine whether there was competent, credible evidence to support the judgment. Judgments supported by such evidence on every essential element of the case will not be reversed on appeal as being against the weight of the evidence." Id., citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 54} It is important for the reviewing court to respect the trial court's factual determinations. The jury, as trier of fact, is best able to view witnesses and observe their demeanor, gestures and voice inflections to weigh the credibility of the proffered testimony. Hull v.Arrow Material Products, Inc. (Sept. 1, 1995), 4th Dist. No. 94CA25, 1995 Ohio App. LEXIS 3945, at 10. Accordingly, the lower court is entitled to its own determination of the credibility of both the evidence and witnesses. Id.
 {¶ 55} Here, there is competent, credible evidence to support the judgment that appellants engaged in fraud. The elements of fraud are as follows: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49. The degree of proof necessary to establish fraud in a civil action for monetary damages is by a preponderance of the evidence. Household Fin. Corp. v. Altenberg
(1966), 5 Ohio St.2d 190, 193.[4]
 {¶ 56} The jury found that appellants materially misrepresented the condition of the vehicle's engine to Hummel. This finding was based upon competent and credible evidence that appellants stated the vehicle's engine was freshly rebuilt, and the vehicle itself was roadworthy. Furthermore, it was established by an expert witness, Wolcott, that the vehicle's engine had not been rebuilt and was not roadworthy. Competent and credible evidence also demonstrated that Suglia's specific factual claims and Hummel's inability to contemporaneously inspect the inner-engine justified Hummel's reliance upon such misrepresentation. Finally, it was established that the vehicle could not be driven by Hummel without large investments of time and money to rebuild the engine. As a result of the foregoing, the jury found, by a preponderance of the evidence, that appellants had engaged in fraud.
 {¶ 57} It has been established that the jury based its verdict on competent and credible evidence, and its verdict was not against the manifest weight of the evidence. Therefore, appellants' third assignment of error is meritless.
 {¶ 58} In their fourth assignment of error, appellants contend that Wolcott was not qualified as an expert and should not have been permitted to testify. It is well-established that a "failure to object to the qualifications of an expert witness at trial waives that error on appeal." State v. Ritchie (Apr. 2, 1997), 9th Dist. No. 95CA006211, 1997 Ohio App. LEXIS 1277, at 8.
 {¶ 59} In the instant case, the record is void of any objection to the testimony of Wolcott. During Hummel's deposition, appellants threatened to object to the possibility that Wolcott would not testify at trial, on the basis that this would preclude cross-examination of Wolcott's report detailing the engine's condition. During trial, however, appellants failed to object to Wolcott's testimony. For this reason, appellants' fourth assignment of error is not well taken.
 {¶ 60} Based on the foregoing analysis, appellants' four assignments of error are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.
[1] Hummel issued an additional check in the amount of $305.95 to Mr. Cars, Inc. This payment was made for additional parts and labor for the purchased car.
[2] Following this verdict, appellant's filed a motion for a new trial which the trial court denied.
[3] Furthermore, appellants fail to point to any evidence in the record, and we fail to find any evidence in the record, of a judicial admission made during trial that would amend their previous admission. See, e.g., In re Cox (Dec. 23, 1999), 11th Dist. Nos. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, at 17; Padden v. Herron (Dec. 24, 1998), 11th Dist. No. 97-L-223, 1998 Ohio App. LEXIS 6296, at 12-14.
[4] There is a clear distinction between the degree of proof necessary to establish a claim of fraud for monetary damages and a claim of fraud seeking equitable relief. For example, when seeking equitable relief for a claim of fraud, such as rescission of contract, clear and convincing evidence is required. See, e.g., Household Fin. Corp.; Rider v. Rider
(Mar. 31, 2000), 11th Dist. No. 98-T-0202, 2000 Ohio App. LEXIS 1429, at 4. As discussed previously, appellee filed a notice of specific demand that stated he would only be seeking monetary damages. Accordingly, the trial court properly instructed the jury that the degree of proof necessary for purposes of appellee's fraud claim for monetary damages was by a preponderance of the evidence.