OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellants, Earl and Ruth Wallace appeal the decision of the Carroll County Court of Common Pleas entering summary judgment in favor of Appellee, Crowl Lumber Co., Inc. in a foreclosure action. On appeal, the Wallaces argue that the trial court erred by granting summary judgment in favor of Crowl for several reasons. First, they claim that Crowl's motion relied upon a "legally deficient" affidavit. Second, they contend there were genuine issues of material fact remaining which preclude summary judgment. Finally, the Wallaces argue that the trial court erred by granting Crowl's motion for leave to reply to the Wallaces' counterclaim. However, the affidavit comports with Civ. R. 56(E) and there were no genuine issues of material fact which precluded summary judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 2} On February 21, 1996, the Wallaces executed a Promissory Note in which they promised, for value received, to pay Crowl $120,785.65, with interest to accrue thereon at the rate of eight percent per year. The Note specified that payments toward the principal and interest were to be made monthly, with the final payment due no later than February 1, 2000. The Note contained an acceleration clause, and was secured by a mortgage on the Wallaces' property located in Malvern, Ohio. The loan proceeds represented money actually used for the acquisition of that property or for improvements thereon.
 {¶ 3} According to Crowl's records, the Wallaces made only two payments on the Note, $4,794.76 on April 10, 1996 and $10,700.00 on November 26, 1997.
 {¶ 4} Because the Wallaces defaulted on their payment obligations under the terms of the Note, Crowl filed a complaint against them in the Carroll County Court of Common Pleas, for foreclosure of the real estate mortgage. The Wallaces filed their answer and counterclaim which alleged Crowl had breached a contract with the Wallaces. Under the terms of this purported contract, Crowl had agreed to credit or offset the debt owed under the Note in exchange for construction projects performed by the Wallaces or *Page 2 
by Mr. Wallace's construction business. Notably, the Wallaces admitted in their answer that they executed and delivered the Note and Mortgage. Moreover, they neither responded to Crowl's requests for discovery nor served Crowl with any discovery requests of their own.
 {¶ 5} Crowl filed a motion for summary judgment, supported by an affidavit of Crowl employee, Jeff Crowl, to which was attached a payment ledger concerning the Wallaces' Note. The ledger noted the two payments made by the Wallaces; calculated the amount of interest that had accrued between December 12, 1997 and November 26, 2006; and listed the total balance due on the Note as of November 26, 2006. The Wallaces filed their reply brief, but failed to attach supporting affidavits or other evidence.
 {¶ 6} The Wallaces also filed a motion for default judgment on their counterclaim because Crowl had failed to answer it. Two days later, Crowl moved the trial court for leave to plead, and separately filed its answer. The Wallaces opposed the motion, however, the trial court ultimately granted Crowl leave to plead. The Wallaces moved the trial court for reconsideration which was denied.
 {¶ 7} Following a hearing, the trial court granted Crowl's motion for summary judgment and entered a judgment and decree in foreclosure. The court never ruled on the Wallaces' counterclaim, which they voluntarily dismissed before filing a notice of appeal.
 {¶ 8} The Wallaces filed a motion to stay the order of sale which the trial court granted, conditioned on the Wallaces posting a supersedeas bond in the amount of $275,000. The Wallaces failed to post bond, and the subject property was sold at a sheriff's sale on April 1, 2008. The trial court entered judgment confirming the sale and ordering the distribution of proceeds on April 28, 2008.
 Standard of Review {¶ 9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is only proper when the *Page 3 
movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-0186, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law.Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304,733 N.E.2d 1186.
 {¶ 10} When moving for summary judgment, a party must produce some facts that suggest a reasonable fact-finder could rule in her favor.Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."Dresher v. Burt, 75 Ohio St.3d 280, 296, 1996-Ohio-0107, 662 N.E.2d 264. The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ. R. 56(C). Id. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. Id. at 293.
 Legal Sufficiency of Crowl's Affidavit {¶ 11} The Wallaces argue in their first of two assignments of error:
 {¶ 12} "The trial court's granting of apellee's [sic] motion for summary judgment was erroneous when there were genuine issues of material facts upon which reasonable minds could differ."
 {¶ 13} Here the Wallaces raise two separate arguments. First, they contend that summary judgment was improper because the affidavit attached in support of Crowl's motion failed to comport with the requirements of Civ. R. 56(E).
 {¶ 14} The Supreme Court of Ohio restated the requirements for an affidavit in the context of a summary judgment motion, pursuant to Civ.R 56(E), in State ex rel. Corrigan v. Seminatore (1981),66 Ohio St.2d 459, 467, 20 O.O.3d 388, 423 N.E.2d 105. They are as follows: "(1) that it be made on personal knowledge, (2) that it set forth facts which *Page 4 
would be admissible in evidence, and (3) that it affirmatively show the affiant to be competent to testify to the matters stated. In addition, the rule requires that `(s)worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.'" Id. Contrary to the Wallaces' arguments, the affidavit attached in support of Crowl's motion for summary judgment did conform to the Civ. R. 56(E) requirements.
 {¶ 15} First, the affiant was Jeff Crowl, a Crowl employee. Mr. Crowl specifically alleged he had personal knowledge of the Mortgage Note and the attached payment ledger. An allegation of personal knowledge is all that is needed to meet the first requirement under Civ. R. 56(E). Id. The second requirement is also met in that it sets forth facts which would be admissible in evidence. The attached payment ledger was a record kept in the regular course of business. See Evid. R. 803(6). The third requirement is met because the affiant was a Crowl employee who, pursuant to his work duties, was the custodian of the Wallaces' records and supervised and serviced the Wallaces' loan. Finally, the requirement that "(s)worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith," is also met. Crowl properly attached a sworn copy of the payment ledger pertaining to the Wallaces' Note.
 {¶ 16} The Wallaces, however, insist that the Crowl affidavit was legally deficient for two reasons. First, they contend that no documents were attached to the affidavit. This is simply not true. A sworn copy of the payment ledger pertaining to the Wallaces' Note was properly attached. Second, they take issue with the affidavit because it references the Note and Mortgage, but does not include those documents as an attachment. However, the Note and Mortgage were already part of the record, having been properly included as an attachment to the complaint.
 {¶ 17} Thus, Crowl's affidavit was proper under Civ. R. 56(E) and the Wallaces' first assignment of error, as it relates to the affidavit issue is meritless. *Page 5 
 Genuine Issues of Material Fact {¶ 18} The Wallaces also contend, within their first assignment of error, that the trial court erred in granting summary judgment because genuine issues of material fact remain. They list three specific "issues of material fact": (1) whether the original Mortgage Note is valid and enforceable; (2) whether Earl Wallace actually defaulted on the Note; and (3) whether the principal and interest amount summarily stated by Crowl is correct.
 {¶ 19} First, there are no genuine issues of material fact surrounding the validity of the Note and Mortgage. In their answer, the Wallaces admit that they executed and delivered the Note and Mortgage.
 {¶ 20} Specifically, paragraph one of the first claim for relief within Crowl's complaint states: "on February 21, 1996, EARL WALLACE and RUTH WALLACE executed and delivered to CROWL LUMBER CO., INC. a certain mortgage note for the payment of $120,785.65 with interest at the rate of EIGHT PERCENT per annum, a copy of which is said mortgage note is attached hereto * * *
 {¶ 21} In their answer, the Wallaces "admit paragraph one of count one of Plaintiffs' Complaint."
 {¶ 22} Paragraph two of the second claim for relief in Crowl's complaint states: "[concurrently with the execution and delivery of the aforesaid promissory note, and securing payment thereof, EARL WALLACE and RUTH WALLACE, executed and delivered a mortgage conveying to the said CROWL LUMBER CO., INC., certain real estate located in Malvern, Ohio, being further described as follows. * * *"
 {¶ 23} In their answer, the Wallaces "admit paragraph two of Plaintiff's [sic] Second Claim for Relief contained in Plaintiffs'Complaint."
 {¶ 24} "It is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact. Thus, an admission made in the pleadings dispenses with the need to prove the truth of the matter admitted." Rhoden v. Akron (1988),61 Ohio App.3d 725, 727, 573 N.E.2d 1131 (internal citations omitted); see, also, Tinlin v. White (Sept. 20, 1999), 7th Dist. No. 680, at 9.
 {¶ 25} Thus, in the instant case, there are no genuine issues of material fact with *Page 6 
regards to the validity and enforceability of the Note and Mortgage. The Wallaces already admitted those facts in their answer. Moreover, they have failed to present any evidence to the trial court challenging the validity of the Note or Mortgage.
 {¶ 26} The second and third issues are not genuine issues of material fact because the Wallaces failed to produce any evidence of their own to contest them. The argument made here by the Wallaces is similar to one made and rejected by this court in City Loan Business Servs. Co. v.Kertes (June 3, 1987), 7th Dist. No. 537. See, also, Countrywide HomeLoans, Inc. v. Rodriguez, 9th Dist. Nos. 03CA008345, 03CA008417,2004-Ohio-4723.
 {¶ 27} In City Loan, the trial court granted a mortgagee's motion for summary judgment in a foreclosure action. The mortgagee supported its motion for summary judgment with an affidavit of one of its employees stating the amount of principal and interest due on the note. The mortgagors failed to file any affidavits to contest the debt owed on the mortgage and the note. On appeal, the mortgagors contended that the affidavit of the mortgagee's employee was insufficient to prove the amount owed on the note and that therefore summary judgment was improper. This court overruled the mortgagors' assignment of error, and held that because the mortgagors failed to file any affidavits to contest the debt owed, that summary judgment against them was proper. Id. at 2.
 {¶ 28} Here, summary judgment was proper because the Wallaces failed to file any affidavits or other evidence to contest Crowl's allegations of default or Crowl's calculation of the amount due under the Note. Like the mortgagors in City Loan, the Wallaces failed to meet their reciprocal burden of production under Civ. R. 56(E). See alsoDresher, 75 Ohio St.3d at 293. Thus, summary judgment in favor of Crowl was proper and the Wallaces' first assignment of error is meritless.
 Motion for Leave to Plead {¶ 29} In their second assignment of error, the Wallaces argue:
 {¶ 30} "The trial court's granting of appellee's motion for leave to plead was contrary to law and constituted an abuse of discretion where appellee failed to show *Page 7 
excusable neglect for its failure to reply to the appellant's counterclaim."
 {¶ 31} The Wallaces ask this court to reverse the trial court's order allowing Crowl leave to plead, and to enter judgment in favor of the Wallaces on their counterclaim. However, this issue is moot. The Wallaces voluntarily dismissed their counterclaim on January 24, 2008 — thirteen days prior to filing the present appeal. Thus, the Wallaces' second assignment of error is also meritless.
 Conclusion {¶ 32} The trial court properly granted Crowl's motion for summary judgment. Crowl supported its motion with evidence of the default and the amount due and the Wallaces failed to come forward with any evidence supporting their position. Secondly, the Wallaces claim that the trial court erred in granting Crowl's motion for leave to answer the Wallaces' counterclaim is moot because the Wallaces' voluntarily dismissed their counterclaim prior to filing their appeal with this court. Accordingly, the Wallaces' assignments of error are meritless, and the judgment of the trial court is affirmed. Vukovich, J., concurs. Waite, J., concurs. *Page 1