[Cite as *Stapleton v. Stapleton*, 2012-Ohio-6280.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| JOHNNY STAPLETON, JR., | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No: 12CA10 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| TIFFANY STAPLETON, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | Filed:  December 27, 2012 |

_____

APPEARANCES:

Johnny Stapleton, Jr., Chillicothe, Ohio, pro se Appellant.

Robert C. Delawder, Ironton, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Johnny Stapleton Jr. (hereinafter "Johnny") appeals the judgment of the Lawrence County Court of Common Pleas.  The trial court granted Johnny and Tiffany Stapleton (hereinafter "Tiffany") a divorce from each other.  On appeal, Johnny argues that the trial court erred by awarding Tiffany a fifty-percent interest in the proceeds from Johnny's personal-injury lawsuit.  We agree.  Because Tiffany's pleadings admit that there is no marital property to be divided, Johnny did not have to prove that proceeds from the lawsuit are his separate property.  Tiffany's admission definitively established this fact.  Accordingly, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

I.

**{¶2}** After being shot by a police officer, Johnny filed a personal-injury lawsuit (hereinafter the "Lawsuit") against various defendants. (Although the particulars of the Lawsuit are not in the record, we take judicial notice of Case Number 1:11cv375 in the United States District Court, Southern District of Ohio, Western Division. *See Hart v. Hudson*, 4th Dist. No. 10CA19, 2010-Ohio-5954, ¶ 26.) Johnny filed the Lawsuit on June 9, 2011, and the Lawsuit was settled on October 11, 2012.

**{¶3}** On January 31, 2012, Johnny filed a Complaint for Divorce against Tiffany. Paragraph 9 of Johnny's complaint states the following:

"The parties     [ ] DO     [√] DO NOT  have marital property to be divided."

Thus, the face of the complaint shows that Johnny checked the box for DO NOT.

**{¶4}** On March 5, 2012, Tiffany filed her Answer and Counterclaim. Tiffany's Answer and Counterclaim does not reference the Lawsuit. Rather, Tiffany's Answer and Counterclaim "admits the allegations contained in paragraph nine (9)" of Johnny's complaint. In other words, Tiffany admitted that there was no marital property to be divided. Moreover, Tiffany's counterclaim "incorporates [the no-marital-property admission] as if fully rewritten herein."

**{¶5}** On April 11, 2012, the trial court held a divorce hearing. Tiffany appeared at the hearing, but Johnny did not. During the hearing, Tiffany and her attorney had the following exchange about the Lawsuit:

"DELAWDER: The only real asset that remains is a law suit that is pending against the City of Ironton and your [sic] asking the Judge to make an order that you would receive half of any settlement if there was going to be one?

"STAPLETON: Yes sir." Transcript at 6.

{¶6}    On April 13, 2012, the trial court granted Tiffany and Johnny "a divorce from each other on the grounds of incompatibility."  Divorce Decree at 2.  In the divorce decree, the trial court granted Tiffany a fifty-percent interest in proceeds from the Lawsuit.  As the court held, "[T]here is a pending civil case wherein Johnny Stapleton is the Plaintiff, which resulted from the Plaintiff being shot, and, upon settlement of the case, the WIFE will be entitled to ½ of any and all settlement proceeds."  *Id.*

{¶7}    Johnny appeals and asserts the following assignment of error: I. "The trial court abused its discretion when it ruled Wife was entitled to one-half of Husband's personal injury compensation."

II.

{¶8}    In his sole assignment of error, Johnny contends that the trial court erred in awarding Tiffany a fifty-percent interest in the proceeds from the Lawsuit.

{¶9}    "Trial courts must divide marital property equitably between the spouses. R.C. 3105.171(B). * * * Because the trial court possesses great discretion in reaching an equitable distribution, we will not reverse its ultimate division of property absent an abuse of discretion."  *O'Rourke v. O'Rourke*, 4th Dist. No. 08CA3253, 2010-Ohio-1243, ¶ 15.  An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10}   "Before a trial court divides property in a domestic proceeding, it must classify the property as marital or separate.  R.C. 3105.171(B). * * * Property acquired during the marriage is presumed to be marital property, unless it is shown to be separate property."  *Jones v. Jones*, 4th Dist. No. 07CA25, 2008-Ohio-2476, ¶ 20.  "The

court shall distribute a spouse's separate property to that spouse unless an exception exists under [R.C. 3105.171(E)] or some other provision of the statute." *Stringfield v. Stringfield*, 7th Dist. No. 05 MO 16, 2007-Ohio-1116, ¶ 14, citing R.C. 3105.171(D). "Generally, the party claiming that an asset is separate property has the burden of proving the claim by a preponderance of the evidence." *Hook v. Hook*, 189 Ohio App.3d 440, 2010-Ohio-4165, 938 N.E.2d 1094, ¶ 19 (6th Dist.); *see also Barkley v. Barkley*, 119 Ohio App.3d 155, 168, 694 N.E.2d 989 (4th Dist.1997).

{¶11} Johnny bases his appeal on R.C. 3105.171(A)(6)(a)(vi), which states the following: "'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be * * * [c]ompensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets[.]" And because of R.C. 3105.171(A)(6)(a)(vi), Johnny argues that proceeds from the Lawsuit are separate property, not marital property. Tiffany, however, argues that Johnny did not meet the burden of proof for establishing separate property. According to Tiffany, Johnny

> did not appear for the hearing on the matter and did not present any evidence related to the proceeds from pending litigation. The only evidence presented was that of [Tiffany] and, after hearing the evidence presented, the Trial Court made an equitable division of assets and debts and concluded that [Tiffany] was entitled to one half of the proceeds from pending litigation involving [Johnny]. Brief of Appellee at 6.

**{¶12}** Here, we find that proceeds from the Lawsuit are not marital property subject to division under R.C. 3105.171(B).  We also find that Johnny did not have to present evidence on the issue of marital property versus separate property.  This is so because Tiffany's Answer and Counterclaim admits that "[t]he parties * * * DO NOT have marital property to be divided."  (Emphasis sic.)  Complaint for Divorce at ¶ 9.  "An admission in a pleading dispenses with the need to present evidence and is equivalent to proof of the fact."  75 Ohio Jurisprudence 3d, Pleading, Section 193; *accord Crowl Lumber Co., Inc. v. Wallace*, 7th Dist. No. 08 CA 851, 2008-Ohio-5733, ¶ 24; *Rhoden v. Akron*, 61 Ohio App.3d 725, 727, 573 N.E.2d 1131 (9th Dist.1988).  Therefore, because of Tiffany's admission, Johnny did not have to prove that his interest in the Lawsuit was separate property as opposed to marital property.  Tiffany's admission already proved that fact.  *See Gerrick v. Gorsuch*, 172 Ohio St. 417, 178 N.E.2d 40 (1961), paragraph two of the syllabus ("A party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party.  In such an instance, any evidence with respect to that fact can have no material effect."); *Faieta v. World Harvest Church*, 10th Dist. No. 08AP-527, 2008-Ohio-6959, ¶ 47.

**{¶13}** Finally, Tiffany did nothing to change her admission that there was no marital property to be divided.  "An admission in a pleading may be amended pursuant to Civ.R. 15(A)."  *Hummel v. Suglia*, 11th Dist. No. 2002-L-104, 2003-Ohio-5226, ¶ 16; *see also Hersch v. E.W. Scripps Co.*, 3 Ohio App.3d 367, 375, 445 N.E.2d 670 (8th Dist.1981).  But Tiffany did not amend her Answer and Counterclaim before the divorce hearing.  Moreover, the admission in Tiffany's Answer and Counterclaim cannot be

changed to conform to the evidence. In relevant part, Civ.R. 15(B) states: "When issues *not raised by the pleadings* are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (Emphasis added.) But here, the issue of marital property *was* raised in the pleadings. As a result, Civ.R. 15(B) cannot apply, and the evidence from the divorce hearing cannot change Tiffany's admission. *See* S*tate Farm Mut. Auto. Ins. Co. v. Dicenzo*, 1 Ohio App.3d 68, 69, 439 N.E.2d 456 (10th Dist.1981) (Civ.R. 15(B) did not apply because "the issue of ownership was raised by plaintiff and admitted by defendant"); *Lamb v. Carver*, 8th Dist. No. 70673, 1997 WL 253176, *2-3 (May 15, 1997). As the Tenth Appellate District held, "[I]f a party fails to introduce in evidence an admission in a pleading and permits that issue to be tried before the trial court, said party does *not* waive the benefit of the admission in the pleading." *State Farm* at paragraph two of the syllabus. Therefore, despite the evidence presented at the divorce hearing, Johnny did not waive the benefit of Tiffany's admission.

{¶14} For the foregoing reasons, the trial court abused its discretion by awarding Tiffany a fifty-percent interest in any proceeds from the Lawsuit. The admission in Tiffany's Answer and Counterclaim definitively establishes that proceeds from the Lawsuit are not marital property. Accordingly, we reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED and this cause BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J.:      Concurs in Judgment & Opinion.
McFarland, J.:   Concurs in Judgment Only.

For the Court

BY:_____
      Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**